# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

VICTOR HURNS                                              PETITIONER

v.                                                   No. 2:97CV26-GHD

JAMES V. ANDERSON, ET AL.                               RESPONDENTS

## ORDER DENYING MOTIONS [62], [63]
## TO ALTER JUDGMENT

This matter comes before the court on the motions [62], [63] by Victor Hurns to alter or amend

the court's January 15, 1998, judgment dismissing the instant petition for a writ of *habeas corpus*. The

court denied Hurns' request for a Certificate of Appealability. Hurns appealed the denial, and the Fifth

Circuit affirmed. Hurns sought a writ of certiorari in the United States Supreme Court, which denied

that request on June 14, 1998. Hurns moved to reopen his case on May 30, 2007, and the court denied

that motion. Hurns appealed that denial, and the Fifth Circuit denied Hurns' Certificate of

Appealability. Undeterred, Hurns again sought to reopen his case on December 3, 2008, and the court

denied that motion on December 10, 2008. Hurns has sought, in various ways, to reopen this case on

multiple other occasions, until the Fifth Circuit imposed a sanction of $455.00 for his repeated frivolous

attempts to seek reconsideration of the instant petition for a writ of *habeas corpus*. Under that

sanction, he was not permitted attempt to file any successive *habeas corpus* actions. Apparently, the

Fifth Circuit imposed a second sanction of $500.00 in another case. Hurns paid the final sanction in

total on August 23, 2012.

Having paid the sanctions, Hurns again seeks to alter the judgment in the *habeas corpus* action

that has been closed now for over 15 years. The court has repeatedly rejected these claims, and the

Fifth Circuit Court of Appeals and the United States Supreme Court have already affirmed this original

denial of relief. In the present motions [62], [63], Hurns argues that new evidence has come to light which would exonerate him, and he seeks to overturn his conviction on this basis. The court interprets the instant motions as a successive petition for a writ of *habeas corpus* under 28 U.S.C. § 2254.

The Antiterrorism and Effective Death Penalty Act requires that before a district court files a second or successive petition, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The petitioner has not obtained such an order. Rather than dismissing the petition on this basis, the Fifth Circuit permits district courts to transfer the petition for consideration pursuant to 28 U.S.C. § 2244(a) and (b)(3)(c). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). Therefore, in the interest of justice and judicial economy, it is

**ORDERED:**

1) That the instant motions [62],[63] in the present case are **DISMISSED** for want of subject matter jurisdiction.

2) That the Clerk of the Court use the documents [62], [63] that the petitioner has presented to open a new, successive petition for a writ of *habeas corpus* under 28 U.S.C. § 2254.

3) That the new petition is **TRANSFERRED** to the Fifth Circuit Court of Appeals for the petitioner to seek leave to file this successive § 2254 petition;

4) That the Clerk of Court is **DIRECTED** to transfer the new petition and the entire record to the Fifth Circuit Court of Appeals in accordance with 28 U.S.C. § 2244(a) and (b)(3)(c), and *In re Epps*, 127 F.3d at 365; and

5) That this case is **CLOSED.**

**SO ORDERED**, this, the 10th day of February, 2015.

SENIOR JUDGE