# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

VICTOR HURNS                                                                  PETITIONER

v.                                                                                                   No. 2:97CV26-GHD

JAMES V. ANDERSON, ET AL.                                   RESPONDENTS

## ORDER CONSTRUING MOTION AS SECOND OR SUCCESSIVE PETITION; TRANSFERRING CASE TO THE FIFTH CIRCUIT COURT OF APPEALS

This matter comes before the court on the motion by the petitioner for relief from judgment ("To Reopen Case"), which the court will construe as a second or successive petition for a writ of *habeas corpus*. Victor Hurns was convicted for murder on June 1, 1990. On February 11, 1997, Hurns filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, and this court denied the petition on January 15, 1998. Hurns has since filed numerous requests to reopen the case – and has now filed a motion for relief from judgment under Fed. R. Civ. P. 60(b) – in which he sets forth substantive claims for *habeas corpus* relief. The court must construe such a motion as a second or successive petition for a writ of *habeas corpus*. *See Gonzalez v. Crosby*, 545 U.S. 524, 532-532, 125 S.Ct. 2641 (2005). The Antiterrorism and Effective Death Penalty Act requires that, before a district court files a second or successive petition for a writ of *habeas corpus*, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The petitioner has not obtained such an order. Rather than dismissing the petition on this basis, the Fifth Circuit permits district courts to transfer the petition for consideration pursuant to

28 U.S.C. § 2244(a) and (b)(3)(c). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). Therefore, in the interest of justice and judicial economy, it is **ORDERED**:

1) That this petition will be transferred to the Fifth Circuit Court of Appeals for the petitioner to seek leave to file this successive § 2254 petition;

2) That the Clerk of Court is directed to transfer this petition and the entire record to the Fifth Circuit Court of Appeals in accordance with 28 U.S.C. § 2244(a) and (b)(3)(c), and *In re Epps*, 127 F.3d at 365; and

3) That this case is **CLOSED.**

**SO ORDERED**, this, the 29 day of August, 2016.

_____
SENIOR JUDGE