IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

VICTOR HURNS     PETITIONER

v.     No. 2:97CV26-GHD

JAMES V. ANDERSON, ET AL.     RESPONDENTS

## ORDER CONSTRUING MOTION AS SECOND OR SUCCESSIVE PETITION; TRANSFERRING CASE TO THE FIFTH CIRCUIT COURT OF APPEALS

This matter comes before the court on the motion by the petitioner for relief from judgment, which the court will construe as a second or successive petition for a writ of *habeas corpus*. Victor Hurns was convicted for murder on June 1, 1990. He later filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, and the court dismissed the petition on January 15, 1998. The court denied Mr. Hurns' request for a Certificate of Appealability, and the Fifth Circuit Court of Appeals upheld the court's decision. The United States Supreme Court denied Mr. Hurns' petition for a writ of certiorari on June 4, 1990. Mr. Hurns moved to reopen his case on May 14, 2007, and the court denied that motion on May 30, 2007. Mr. Hurns appealed that order, which the Fifth Circuit upheld on July 3, 2008. Hurns moved to reopen his case on December 3, 2008, and the court denied that motion on December 10, 2008. Mr. Hurns attempted several more times to challenge the dismissal of his *habeas corpus* petition, and this court and the Fifth Circuit have denied those attempts.

Indeed, the Fifth Circuit imposed a sanction of $455 against Mr. Hurns and directed this court[1] "not to accept for filing from Mr. Hurns any further Rule 60(b) motions or other motions challenging his conviction or habeas proceedings in this case until the sanction is paid. Any subsequent attempt by Hurns to file such motions will invite additional sanctions." Doc. 53 at 3. Mr. Hurns paid the sanction on March 19, 2012. He filed another Motion to Alter Judgment on June 27, 2013, which the court denied. Undeterred, Mr. Hurns filed two other motions seeking relief from judgment in late 2014. The court denied those motions, as well, and transferred the case to the Fifth Circuit so that Hurns could seek permission to proceed with a subsequent petition for a writ of *habeas corpus*. Mr. Hurns has filed several additional documents seeking to overturn this court's ruling since then.

The petitioner has now filed yet another motion for relief from judgment under Fed. R. Civ. P. 60(b) – in which he sets forth substantive claims for *habeas corpus* relief.[2] The court must construe such a motion as a second or successive petition for a writ of *habeas corpus*. *See Gonzalez v. Crosby*, 545 U.S. 524, 532-532, 125 S.Ct. 2641 (2005). The Antiterrorism and Effective Death Penalty Act requires that, before a district court files a second or successive petition for a writ of *habeas corpus*, "the applicant shall move in the appropriate court of appeals

---

[1] In its sanctions order, the Fifth Circuit inadvertently referred to this court as the "Northern District of Texas," an obvious scrivener's error.

[2] It seems that both this court and the Fifth Circuit lost track of the language in the appellate court's sanction order which stated, "Any subsequent attempt by Hurns to file such motions [challenging his conviction or *habeas corpus* proceedings] will invite additional sanctions." Mr. Hurns' present submission is effectively a subsequent petition; as such, it appears this court does not have jurisdiction to decide in this case whether his continued filings violate the sanctions order.

2

for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The petitioner has not obtained such an order. Rather than dismissing the petition on this basis, the Fifth Circuit permits district courts to transfer the petition for consideration pursuant to 28 U.S.C. § 2244(a) and (b)(3)(C). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). Therefore, in the interest of justice and judicial economy, it is **ORDERED**:

1) That this petition will be transferred to the Fifth Circuit Court of Appeals for the petitioner to seek leave to file this successive § 2254 petition;

2) That the Clerk of Court is **DIRECTED** to **TRANSFER** this petition and the entire record to the Fifth Circuit Court of Appeals in accordance with 28 U.S.C. § 2244(a) and (b)(3)(c), and *In re Epps*, 127 F.3d at 365; and

3) This case is **CLOSED.**

**SO ORDERED**, this, the 20th day of March, 2020.

_____
SENIOR UNITED STATES DISTRICT JUDGE